UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| NANCY ROBERTS, | ) | |
| | ) | |
| Plaintiff | ) | C.A. NO. 4:12-cv-10285-TSH |
| | ) | |
| v. | ) | |
| | ) | |
| GMAC MORTGAGE, | ) | |
| | ) | |
| Defendant | ) | |
| _____ | ) | |

**March 20, 2012**

**ORDER ON PLAINTIFF'S MOTION TO REMAND** (Document #4)

GMAC Mortgage LLC ("GMAC") seeks to foreclose on property owned by the Plaintiff, Nancy

Roberts ("Roberts").   Roberts has brought suit against GMAC seeking declaratory and equitable relief.

She seeks to prevent GMAC from conducting the foreclosure sale until they have complied with the

provisions of M.G.L. C. 244, §35A which she claims requires that a default notice be served upon her 150

days before the sale.   She originally brought this action in the Worcester Superior Court on January 23,

2012. That case was removed to this court on February 14, 2012 based upon diversity of citizenship and a

claim in controversy in excess of $75,000 in satisfaction of the 28 U.S.C. 1332.   Roberts now seeks to

remand the case back to the Superior Court because she claims that the U.S. District Court lacks

jurisdiction.  Roberts argues that this court lacks subject matter jurisdiction over her complaint because

she requested only "preliminary injunctive relief temporarily enjoining foreclosure", the value of which is

less than the $75,000.00 jurisdictional threshold.  The Defendant argues that since the objective of the

litigation is to avoid foreclosure and maintain possession of the home that the value of the amount in

controversy is measured by the value of the subject property.

Where a Plaintiff seeks equitable relief, the amount-in–controversy is "measured by the value of the object of the litigation." Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347, (1977). The value is measured by "the judgment's pecuniary consequence to those involved in the litigation." Richard C. Young & Co. v. Leventhal, 389 F.3d 1, 3 (1st Cir. 2004). GMAC argues that this court should rely upon the amount owed on the loan or the value of the property that is sought to be foreclosed (both in excess of $75,000.00) as the amount-in-controversy. Morse v. Residential Credit Solutions, Inc., 2012 WL 458492 ("In cases that seek equitable relief against foreclosure sales, the fair market value of the property to be foreclosed upon is an acceptable measure of the amount in controversy for purposes of diversity jurisdiction").

Here Roberts seeks temporary relief in the form of a delay in the foreclosure proceedings as opposed to permanently enjoining them. She candidly admits that she seeks this delay so that her children can finish the school year in their current school system and so that she can secure alternative housing. She has clearly announced this position in her motion papers and at oral argument and has no illusions or claim that the mortgage be declared invalid, or that it be rewritten. From Roberts' perspective the monetary value of the equitable relief is not the entire value of the property; rather it is the value of the delay in the foreclosure proceedings. While this delay is important to Roberts it does not have a value in excess of $75,000.00. See Macks v. U.S. Bank National Association, 2010 WL 2976200 (M.D. Ala. 2010). Accordingly, I grant the Plaintiff's Motion to Remand to State Court.

/s/Timothy S. Hillman
TIMOTHY S. HILLMAN
U.S. MAGISTRATE JUDGE